UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL R. PHELPS,

    Plaintiff,

v.                                                 Case No. 8:08-CV-971-T-30TGW

TRAVIS FORRISTER, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court *sua sponte* upon a review of the case file. On May 4, 2009, the Court entered an Order directing Plaintiff to mail two photocopies of his complaint to the Clerk within twenty days of the date of the Order (Dkt. 13). On May 21, 2009, Plaintiff filed a "Motion to request postponement of complaint" (hereinafter "motion") in which Plaintiff essentially requested an extension of time of 90 days within which to comply with the May 4, 2009 Order, and obtain an attorney to represent him in this action (Dkt. 14). On May 29, 2009, the Court granted Plaintiff's motion and stayed this action until August 27, 2009 (Dkt. 15). To date, Plaintiff has not provided the Court with the required copies of his complaint, nor has an attorney made an appearance on Plaintiff's behalf in this action. Furthermore, Plaintiff has not responded to the Court's September 11, 2009 Order to show cause on or before September 22, 2009, why this action should not be dismissed for failure to prosecute (See Dkt. 17). Petitioner was cautioned in the Order that failure to timely

comply with the Order "**will result in dismissal of Plaintiff's action without further notice**." (*Id.*). The order was mailed to Petitioner's address of record, and it has not been returned to the Clerk as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)[1] (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1.  This action is **DISMISSED** for failure to prosecute and failure to comply with the Court's Orders pursuant to Fed. R. Civ. P. 41(b). The dismissal is without prejudice to Petitioner filing a new action under a new case number.

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2. The **Clerk** shall terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 25, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff